# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOHN CURRAN, III          :

    Petitioner          :

v          :          Civil Action No. RDB-13-3863
                                                (Related Crim. Case: RDB-11-687)

UNITED STATES OF AMERICA          :

    Respondent          :

oOo

## MEMORANDUM OPINION

Before the Court is a 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by John Curran, III, a federal prisoner incarcerated at FCI-Ft. Dix, New Jersey.[1] Although Petitioner attempts to cast this application as being filed under 28 U.S.C. § 2241, the gravamen of his petition is that the prosecutor committed misconduct and his defense counsel was ineffective. ECF No. 1. or the reasons that follow the Court will dismiss the Petition without prejudice.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence, *see In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

Although a federal prisoner generally may not seek collateral relief from a conviction or

---

[1] The Petition was initially filed in the United States District Court for the Southern District of New York. That Court, recognizing that Petitioner was challenging the validity of his conviction, directed the matter be transferred here for further proceedings.

sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255.[2] It provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones*, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *Jones* 226 F.3d at 333-34.

In this case, Petitioner was sentenced on August 15, 2013, to a total of 37 months incarceration. *See* ECF No. 128, *United States v. Curran*, Criminal No. RDB-11-687 (D. Md). Petitioner noted a timely appeal which remains pending. *Curran v. United States*, Appeal No. 13-4608 (4th Cir.).

The instant petition clearly challenges the validity of the conviction and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Moreover, Petitioner has not satisfied the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy as that remedy remains available to him after he has completed his appellate process.

Absent extraordinary circumstances, the orderly administration of criminal justice precludes

---

[2] 28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

a district court from considering a § 2255 motion while review of the direct appeal is still pending. *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; *see also United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970); *Welsh v. United States*, 404 F.2d 333 (5th Cir.1968); *Womack v. United States*, 395 F.2d 630, 631 (D.C.Cir.1968); *Masters v. Eide*, 353 F.2d 517 (8th Cir.1965).

The claims presented by Petitioner are not extraordinary circumstances that warrant consideration during the pendency of Petitioner's appeal. Accordingly, the Petition shall be dismissed without prejudice by separate order which follows.

January 29, 2014
Date

Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE